NOT DESIGNATED FOR PUBLICATION

No. 116,858

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICKY D. GHAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed December 8, 2017. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., SCHROEDER, J., and HEBERT, S.J.

PER CURIAM: Ricky D. Ghan appeals after he was convicted by a jury of battery and aggravated assault. On appeal, Ghan contends that there was insufficient evidence to support his aggravated assault conviction. He does not appeal his battery conviction. When the evidence in the record on appeal is viewed in a light most favorable to the State, we conclude that the State presented sufficient evidence at trial upon which a jury could find Ghan to be guilty of aggravated assault beyond a reasonable doubt. Thus, we affirm Ghan's aggravated assault conviction.

1

In October 2015, Ghan was living with Angela Richardson in a farmhouse in rural Sedgwick County. They had lived in the house for about 3 years. Although the couple had never legally married, they had been together for approximately 11 years and sometimes referred to each other as husband and wife.

On October 10, 2015, Richardson went outside and left her cell phone plugged in to a charger in the bedroom. While she was outside, Richardson's phone received a text message from "Troy"—who was later determined to be Troy Hale. Ghan read the message as well as other text messages on Richardson's phone. As a result, Ghan believed that Richardson and Hale were having an affair.

When Richardson came back inside the house, Ghan confronted her about the text messages. The couple argued and Ghan refused to give Richardson back her phone. Posing as Richardson, Ghan sent a text message to Hale in which he asked him to come over to her house. Hale responded that he would come over. He also called Richardson's phone to make sure she wanted him to come over. Ghan made Richardson answer the phone and convince Hale to come over. At one point during their argument, Ghan grabbed Richardson around the neck. He also grabbed her arms and hit her in the nose with her cell phone—causing it to bleed.

Prior to Hale's arrival, Ghan got a shotgun out of a gun cabinet in the couple's bedroom. He then got some "birdshot" shells and loaded his shotgun. Ghan also put some extra shells in his pocket. Ghan told Richardson that he was going to shoot Hale, then shoot her, and probably shoot himself.

Ghan and Richardson waited for several hours in the living room before Hale arrived. While they were waiting, Ghan went outside on one or more occasions to shoot

2

the shotgun before returning to the living room. When Hale arrived, Ghan shot him while he was near the front gate. The shot hit Hale in several places before he ran to hide between a car and a tree. He called 911 to report the shooting and was later taken by ambulance to the hospital for treatment of his injuries. After shooting Hale, Ghan went back inside the house, put his shotgun in the gun cabinet, and sat in the living room until law enforcement arrived.

The State ultimately charged Ghan with one count of attempted first-degree murder for shooting Hale. He was also charged with aggravated assault, aggravated battery, and kidnapping arising out of his actions towards Richardson. The district court held a 3-day jury trial commencing on August 3, 2016.

At trial, the State presented the testimony of Richardson, Hale, two neighbors, Sergeant Richard Gerdsen, Detective Joseph Greene, Deputy Joshua Collins, Deputy Jacki Cinotto, Detective Jason Burley a forensic investigator for the Sedgwick County Sheriff's Department, a forensic scientist in the firearm section of the Regional Forensic Science Center in Sedgwick County, and, a 911 dispatcher. In addition, the State introduced 18 exhibits into evidence, including photographs of injuries to Richardson's nose and arm as well as text messages sent and received on Richardson's cell phone. After the State rested, Ghan testified in his own defense. According to Ghan, he did not threaten to shoot Richardson or keep her inside the house.

After deliberation, the jury acquitted Ghan on the charges of attempted first-degree murder and kidnapping. However, the jury found him to be guilty of battery—which the district court had instructed on as a lesser includable—and of aggravated assault. The jury also found that the battery and aggravated assault were acts of domestic violence. The district court subsequently sentenced Ghan to 12 months' incarceration on the aggravated assault conviction concurrent to a sentence of 6 months in jail on the domestic battery

3

conviction. Ghan timely appealed his aggravated assault conviction but did not appeal his domestic battery conviction.

ANALYSIS

The sole issue presented on appeal is whether there was sufficient evidence presented at trial upon which a jury could conclude that Ghan was guilty of aggravated assault beyond a reasonable doubt. In reviewing on appeal the sufficiency of the evidence supporting a conviction, we are required to review the evidence in a light most favorable to the prosecution to determine whether we are convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. See *State v. Belt*, 305 Kan. 381, 397, 381 P.3d 473 (2016). We are not to reweigh the evidence, resolve conflicts in the evidence, or determine the credibility of witnesses. 305 Kan. at 397.

To convict a defendant of a crime, the prosecution must prove each element of the crime beyond a reasonable doubt. *State v. Brown*, 303 Kan. 995, 1001, 368 P.3d 1101 (2016). Here, Ghan was convicted of violating K.S.A. 2015 Supp. 21-5412(b)(1), which states that aggravated assault is "knowingly placing another person in reasonable apprehension of immediate bodily harm . . . committed . . . [w]ith a deadly weapon." Here, Ghan argues that the State's evidence "failed to satisfy all the elements of aggravated assault, because Ms. Richardson denied being afraid that Mr. Ghan was going to shoot her." Based on our review of the record on appeal, we disagree.

Consistent with K.S.A. 2015 Supp. 21-5412(b)(1), the district court properly instructed the jury as follows:

"Mr. Ghan is charged in Count Two with aggravated assault. Mr. Ghan pleads not guilty. To establish this charge, each of the following claims must be proved:

4

"1. Mr. Ghan knowingly placed Angela Richardson in reasonable apprehension of immediate bodily harm.

"2. Mr. Ghan did so with a deadly weapon.

"3. This act occurred on or about the 10th day of October, 2015, in Sedgwick County, Kansas.

"No bodily contact is necessary.

"A deadly weapon is an instrument which, from the manner in which it is used, is calculated or likely to produce death or serious bodily injury. An object can be a deadly weapon if the user intended to convince a person that it is a deadly weapon and that person reasonably believed it to be a deadly weapon.

"The State must prove that Mr. Ghan committed the crime knowingly. A defendant acts knowingly when the defendant is aware that his conduct was reasonably certain to cause the result complained about by the State."

A review of the record in a light most favorable to the State reveals that there was sufficient evidence presented at trial upon which a rational fact-finder could have concluded that Ghan knowingly placed Richardson in reasonable apprehension of immediate bodily harm with a shotgun. Although some of the evidence was disputed and Richardson's testimony may have been inconsistent at times, Detective Greene testified about his interview with Richardson shortly after the incident. According to Detective Greene, Richardson told him that Ghan got his shotgun, told her she was not free to go, indicated that he was going to shoot her boyfriend while she watched, and threatened to kill her. Moreover, Detective Green testified that Richardson told him that she believed her safety was in danger, that she was in fear of being killed, and that she believed Ghan was fully capable of carrying out his threat to kill her.

5

Although there was other significant evidence from which the jury could have made reasonable inferences regarding Ghan's guilt on the aggravated assault charge, we find that Detective Greene's testimony—if believed—was itself sufficient to establish beyond a reasonable doubt that Ghan placed Richardson in reasonable apprehension of immediate bodily harm as he threatened her with a shotgun. As indicated above, it is not our role to reweigh the evidence or to determine the credibility of witnesses. We, therefore, conclude that there was sufficient evidence presented at trial upon which a jury could conclude beyond a reasonable doubt that Ghan was guilty of aggravated assault.

Affirmed.